UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 12-md-02311 Honorable Marianne O. Battani |
| In Re: BEARINGS CASES | : : : | |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER ACTIONS | : : : | 2:12-cv-00501-MOB-MKM 2:15-cv-12068- MOB-MKM |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH SCHAEFFLER DEFENDANTS AND AUTHORIZING DISSEMINATION OF NOTICE TO DIRECT PURCHASER SETTLEMENT CLASS**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Schaeffler Group USA Inc., Schaeffler Technologies AG & Co. KG (formerly Schaeffler Technologies GmbH & Co. KG), and FAG Kugelfischer GmbH (collectively, "Schaeffler"), and for Authorization to Disseminate Notice to the Direct Purchaser Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in the Order that are defined in the Schaeffler Settlement Agreement (hereinafter, the "Settlement Agreement") are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced

{00168125 }

counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class.

### Class Certification

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All individuals and entities (excluding any Defendant and its present and former parents, subsidiaries, and affiliates) that purchased Bearings in the United States directly from one or more Defendant from January 1, 2000 through March 21, 2017.

For purposes of the Settlement Class definition set forth above, the following entities are Defendants:  Schaeffler Group USA Inc.; Schaeffler Technologies GmbH & Co. KG (now Schaeffler Technologies AG & Co. KG); FAG Kugelfischer GmbH; JTEKT Corporation; Koyo Corporation of U.S.A.; Koyo France SA.; Koyo Deutschland GmbH; Nachi-Fujikoshi Corp.; Nachi America Inc.; Nachi Technology, Inc.; Nachi Europe GmbH; NSK Ltd.; NSK Americas, Inc.; NSK Europe Ltd.; NSK Corporation; AB SKF; SKF GmbH; SKF USA Inc.; NTN Corporation; NTN USA Corporation; NTN Walzlager GmbH; and NTN-SNR Roulements SA.

5.     The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representatives' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class representatives and Co-Lead Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class.  The Court further finds that the

Direct Purchaser Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

Appointment of Class Representatives and Co-Lead Settlement Class Counsel

6. The Court hereby appoints Plaintiffs DALC Gear & Bearing Supply Corp., McGuire Bearing Company, and Sherman Bearings, Inc. to serve as Class Representatives for the Direct Purchaser Settlement Class.

7. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman Kodroff & Willis, P.C. to serve as Co-Lead Counsel for the Direct Purchaser Schaeffler Settlement Class ("Co-Lead Settlement Class Counsel") having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

Notice to Potential Settlement Class Members

8. The Court approves the form and content of the: (a) Notice of Proposed Settlement of Direct Purchaser Class Action with Schaeffler Defendants and Hearing on Settlement Approval ("Notice"), attached as Exhibit 2 to Direct Purchaser Plaintiffs' Memorandum in Support of Motion for Authorization to Disseminate Notice (the "Notice Memorandum"); and (b) Summary Notice of Proposed Settlement of Direct Purchaser Class Action with Schaeffler Defendants and Hearing on Settlement Approval ("Summary Notice"), attached as Exhibit 3 to the Notice Memorandum.

9. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitutes the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and

complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

10. On or before August 10, 2017, the Notice, in substantially the same form as Exhibit 2 to the Notice Memo, shall be mailed by first class mail, postage prepaid, to all potential members of the Settlement Class identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice provided for herein. In addition, copies of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

11. On or before August 21, 2017, Co-Lead Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memo, to be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*.

12. On or before September 11, 2017, Co-Lead Settlement Class Counsel shall file with the Court their motion or motions for final approval of the Settlement Agreement and request to utilize a portion of the Schaeffler settlement fund to pay Plaintiffs' litigation expenses.

13. All requests for exclusion from the Settlement Class must be in writing, postmarked no later than October 2, 2017, and must otherwise comply with the requirements set forth in the Notice.

14. Any objection by any member of the Settlement Class to the proposed settlement, or to the request to utilize a portion of the Schaeffler settlement fund to pay Plaintiffs' litigation expenses, must be in writing, filed with the Clerk of Court and postmarked no later than October 2, 2017, and must otherwise comply with the requirements set forth in the Notice.

15. Each member of the Settlement Class shall retain all rights and causes of action

with respect to claims against every Defendant other than the Schaeffler Defendants, regardless of whether such member of the Settlement Class decides to remain in, or request exclusion from, the Settlement Class.

16. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice and publication of the Summary Notice were made, showing that mailing, posting and publication were made in accordance with this Order.

17. The Court will hold a Fairness Hearing on November 8, 2017, at 10:00 a.m., at the Theodore Levin U.S. Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit, MI, 48226, to determine whether the proposed settlement with Schaeffler is fair, reasonable and adequate and should be approved and to consider whether to approve the request to utilize a portion of the Schaeffler settlement fund to pay Plaintiffs' litigation expenses. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be rescheduled, adjourned or continued without further notice to the Settlement Class.

## Other Provisions

18. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, Schaeffler, and the members of the Settlement Class.

19. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any

other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

20. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to use funds from the QSF to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

21. The Direct Purchaser Class litigation against Schaeffler is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date:   July 26, 2017                                       s/Marianne O. Battani
                                                            MARIANNE O. BATTANI
                                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 26, 2017.

                                                            s/ Kay Doaks
                                                            Case Manager