**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | : | |
| **In Re:  AUTOMOTIVE PARTS** | : | **Case No. 12-md-02311** |
| **ANTITRUST LITIGATION** | : | **Honorable Marianne O. Battani** |
| | : | |
| | : | |
| **In Re: BEARINGS CASES** | : | |
| | : | |
| | : | |
| **THIS DOCUMENT RELATES TO:** | : | **2:12-cv-00501-MOB-MKM** |
| **ALL DIRECT PURCHASER ACTIONS** | : | **2:15-cv-12068- MOB-MKM** |
| | : | |

**SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION**
**OF NOTICE OF PROPOSED SETTLEMENT WITH SCHAEFFLER**
**DEFENDANTS AND CLASS MEMBERS' RESPONSE**

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Order dated July 26, 2017 (2:12-cv-00501, Doc. No. 240) (the "Notice Order"), and Settlement Class members' response to the notice program. As described more fully below, notice was mailed to 48,162 potential Settlement Class members and published in accordance with the Notice Order. No objections were filed to either the proposed settlement or to Settlement Class Counsel's request to use up to 20% of the Schaeffler Settlement Fund to pay for litigation expenses.

Twenty requests for exclusion from the settlement were submitted. As a result of these opt-out requests, the Schaeffler settlement amount was reduced to $16,540,647.61.

Settlement Class Counsel respectfully submit that the absence of objections and the small number of opt-outs militate strongly in favor of approval of the proposed settlement and the request for litigation expenses.

## I.     <u>DISSEMINATION OF NOTICE TO THE CLASSES</u>

Pursuant to the Court's Notice Order, on August 10, 2017, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser Plaintiffs, mailed 48,162 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action with Schaeffler Defendants and Hearing on Settlement Approval (the "Notice") to potential Settlement Class members by first class mail, postage prepaid. Declaration of Ryan Kao, Project Manager for Epiq. Exhibit 1 at ¶ 6. Epiq also re-mailed returned notices for which updated addresses were obtained. *Id.* at ¶ 7. In addition, a copy of the Notice was (and remains) posted online at www.autopartsantitrustlitigation.com, a website dedicated to this litigation. *Id.* at ¶ 9.

Also in accordance with the Notice Order, the Summary Notice of Proposed Settlement of Direct Purchaser Class Action with Schaeffler Defendants and Hearing on Settlement Approval was published in the national edition of *The Wall Street Journal* and in *Automotive News* on August 21, 2017. *Id.* at ¶ 8.

Notice to the Schaeffler Settlement Class under Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

## II.    **ABSENCE OF OBJECTIONS TO THE PROPOSED SETTLEMENTS AND <u>EXPENSE REQUEST</u>**

The Notice advised that any objection to the proposed settlement or to Settlement Class Counsel's request to use up to 20% of the Settlement Fund to pay for litigation expenses had to be filed with the Clerk by October 2, 2017, with copies mailed to Settlement Class Counsel and to Schaeffler's counsel.

No objections to either the proposed settlement or to the litigation expense request were filed with the Court or sent to Settlement Class Counsel or counsel for the Schaeffler Defendants, as of the date of the filing of this Report.

## III.   REQUESTS FOR EXCLUSION

The Notice further advised that requests for exclusion from the Schaeffler Settlement Class had to be sent to Settlement Class Counsel and to counsel for Schaeffler, postmarked no later than October 2, 2017. Twenty requests for exclusion from the Settlement Class were timely submitted.[1] As of this date, no additional opt-out request has been received by Settlement Class Counsel.

As noted in the Brief in Support of Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement With Schaeffler Defendants and for Authorization to Use Part of the Settlement Fund to Pay For Litigation Expenses (2:12-cv-00501, Doc. No. 268, page 5) (the "Final Approval Brief"), and at page 2 of the Notice, the Settlement Agreement gives Schaeffler the right to reduce the Settlement Amount from $21,000,000 to no less than $16,000,000, or to withdraw from the settlement, based on valid and timely requests for exclusion by members of the Settlement Class.  In accordance with the terms of the Settlement Agreement, based upon the opt-outs from the Settlement Class, the Settlement Amount has been reduced to $16,540,647.61.

Settlement Class Counsel respectfully submit that, for the reasons set forth in the Final Approval Memo, the Schaeffler settlement, which provides for the payment of $16,540,647.61 and

---

[1] The twenty opt-out requests, and the specific entities on whose behalf those requests were filed are set forth in Exhibit 2. Many of these entities appear to be foreign-based subsidiaries or affiliates that are most likely not members of the Schaeffler Settlement Class.

substantial cooperation by Schaeffler, is fair, reasonable and adequate under the relevant criteria, and warrants final approval.

## IV. THE REACTION OF MEMBERS OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND LITIGATION EXPENSE REQUEST

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as a factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *See*, *e.g.*, *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."); *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the adequacy of the settlement).

Individual notice of the proposed settlement was mailed to 48,162 potential Settlement Class members identified by Defendants, published in *Automotive News* and in *The Wall Street Journal,* and posted on-line. The absence of objections combined with relatively few opt-outs militates strongly in favor of approval of the proposed settlement and the litigation expense request.

4

## V.   <u>CONCLUSION</u>

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiffs' Final

Approval Brief, it is respectfully requested that the Court grant final approval of both the proposed

Schaeffler settlement and the litigation expense request.

DATED: October 27, 2017                    Respectfully submitted,

                                           /s/ David H. Fink
                                           David H. Fink (P28235)
                                           Darryl Bressack (P67820)
                                           FINK + ASSOCIATES LAW
                                           38500 Woodward Ave; Suite 350
                                           Bloomfield Hills, MI 48304
                                           (248) 971-2500

                                           *Interim Liaison Counsel for the Direct
                                           Purchaser Plaintiffs*

Steven A. Kanner                           Joseph C. Kohn
William H. London                          William E. Hoese
Michael E. Moskovitz                       Douglas A. Abrahams
FREED KANNER LONDON                        KOHN, SWIFT & GRAF, P.C.
   & MILLEN LLC                            One South Broad Street, Suite 2100
2201 Waukegan Road, Suite 130              Philadelphia, PA  19107
Bannockburn, IL  60015                     Telephone:  (215) 238-1700
Telephone:  (224) 632-4500

Gregory P. Hansel                          Eugene A. Spector
Randall B. Weill                           William G. Caldes
Michael S. Smith                           Jonathan M. Jagher
PRETI, FLAHERTY, BELIVEAU                  SPECTOR ROSEMAN & KODROFF, P.C.
   & PACHIOS LLP                           1818 Market Street, Suite 2500
One City Center, P.O. Box 9546             Philadelphia, PA  19103
Portland, ME  04112-9546                   Telephone:  (215) 496-0300
Telephone:  (207) 791-3000

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

M. John Dominguez
COHEN MILSTEIN SELLERS
 & TOLL PLLC
2925 PGA Boulevard, Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
jdominguez@cohenmilstein.com

David A. Young
COHEN, MILSTEIN SELLERS
 & TOLL PLLC
1100 New York Ave., NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
dyoung@cohenmilstein.com

Matthew W. Ruan
COHEN MILSTEIN SELLERS & TOLL
PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838 7797
mruan@cohenmilstein.com

Solomon B. Cera
Thomas B. Bright
Pamela A. Markert
CERA LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: (415) 777-2230
scera@cerallp.com
tbright@cerallp.com
pmarkert@cerallp.com

*Additional Counsel for Direct Purchaser Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2017, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
nfink@finkandassociateslaw.com

7