## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS**<br>**ANTITRUST LITIGATION** | **Master File No. 12-md-02311**<br>**Honorable Marianne O. Battani** |

**In Re: BEARINGS CASES**

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br>**DIRECT PURCHASER ACTIONS** | **12-cv-00501-MOB-MKM** |

### DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL

Direct Purchaser Plaintiffs ("DPPs") respectfully request that the Court order a section of Defendants' Reply Memorandum in Support of Defendants' Joint Motion to Partially Exclude the Expert Report and Testimony of Dr. James Langenfeld (the "Reply") be maintained under seal in the Court's files.

The factual and legal support for this Motion are set forth in the accompanying Brief in Support.

Pursuant to E. D. Mich. L.R. 7.1(a), on January 12, 2018, via electronic mail, counsel for DPPs explained the nature of the Motion to counsel for Defendants. Defendants take no position on the Motion.

Dated: January 15, 2018

Respectfully submitted,

  /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Class Counsel*

M. John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 833-6575

Solomon B. Cera
Thomas C. Bright
Pamela A. Markert
CERA LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: (415) 777-2230

*Additional Counsel*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN RE: AUTOMOTIVE PARTS**
**ANTITRUST LITIGATION**

**Master File No. 12-md-02311**
**Honorable Marianne O. Battani**

**In Re: BEARINGS CASES**

**THIS DOCUMENT RELATES TO:**
**DIRECT PURCHASER ACTIONS**

**12-cv-00501-MOB-MKM**

### BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL

## <u>TABLE OF CONTENTS</u>

STATEMENT OF THE ISSUES PRESENTED ........................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................ iv

I.   INTRODUCTION ...................................................................................................... 1

II.  LEGAL STANDARD AND AUTHORITY FOR SEALING ........................................... 2

III. ARGUMENT ............................................................................................................. 3

    A.  DPPs' Interests In Maintaining The Confidentiality And Privacy Of Their Competitively Sensitive Information Outweigh The Public's Interest In Its Disclosure, and References to DPPs' Competitively Sensitive Information Should be Maintained Under Seal. ....... 3

    B.  Means Other Than Sealing Are Unavailable. ............................................................... 5

IV.  CONCLUSION ........................................................................................................... 5

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

Whether the Court should permit competitively sensitive information filed under seal in connection with Defendants' Reply Memorandum in Support of Defendants' Joint Motion to Partially Exclude the Expert Report and Testimony of Dr. James Langenfeld to be maintained under seal in the Court's files.

**Direct Purchaser Plaintiffs' Answer:** Yes.

**<u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>**

E.D. Mich. L.R. 5.3(b)(2)

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

## I.    INTRODUCTION

On December 15, 2017, Defendants filed under seal their Reply Memorandum in Support of Defendants' Joint Motion to Partially Exclude the Expert Report and Testimony of Dr. James Langenfeld (the "Reply") (Doc. No. 297). The Reply also references:

- Direct Purchaser Plaintiffs' ("DPPs") previously filed Brief in Support of Their Motion for Class Certification and Appointment of Class Counsel (Mar. 20, 2017, ECF No. 216);

- Declaration of Dr. James Langenfeld (Mar. 20, 2017, Exhibit 1 to ECF No. 216);

- Reply Brief in Further Support of Their Motion for Class Certification and Appointment of Class Counsel (dated Nov. 16, 2017, ECF No. 282);

- Opposition to Defendants' Motion to Exclude the Opinions of Dr. James Langenfeld (Nov. 16, 2017, ECF No. 284);

- Reply Declaration of Dr. James Langenfeld (Nov. 16, 2017, Exhibit B to ECF No. 284);

- Reply Declaration of James T. McClave, Ph.D., (Nov. 16, 2017, Exhibit A to ECF No. 286); and

- Defendants' previously filed Robert D. Willig, Ph.D., Declaration in Support of Defendants' Replies in Further Support of Daubert Motions (Dec. 15, 2017, attached as Exhibit 1 to Defendants' Reply in Support of Defendants' Joint Motion to Exclude the Proposed Expert Report and Testimony of Dr. James T. McClave).[1]

---

[1] DPPs incorporate by reference the arguments set forth in their Motions to Maintain Seal relating to those documents (*see* Doc. Nos. 227, 301, 302, 303). Accordingly, DPPs request that all references to the sections contained in the aforementioned Motions to Maintain Seal also be maintained under seal in Defendants' Reply Memorandum in Support of Defendants' Joint Motion to Partially Exclude the Expert Report and Testimony of Dr. James Langenfeld.

The Reply contains DPPs' competitively sensitive information, which DPPs have a privacy interest in protecting from public disclosure. Because DPPs' interests in maintaining the confidentiality and privacy of their competitively sensitive information outweigh the public's limited interest in its disclosure, DPPs respectfully request that the Court order that the section of the Reply containing DPPs' competitively sensitive information be sealed. DPPs have carefully examined the Reply and its exhibits and narrowly tailored their request to seal only the portion of the Reply that contains such information. If the Court grants this motion, DPPs will publicly file a redacted version of the same document.

## II.    LEGAL STANDARD AND AUTHORITY FOR SEALING

The Eastern District of Michigan Local Rules provide that a party seeking to file an item under seal must serve a motion that includes the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason for which sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a supporting brief. E.D. Mich. L.R. 5.3(b)(2). "[T]his Court, as every other court, 'has supervisory power over its own records and files.'" *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). Consistent with that authority, this Court has the power to seal records under appropriate circumstances. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). That power, however, is limited by the public's presumptive right to inspect and copy judicial documents and files. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Accordingly, in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit recognized that "even where a party can show a compelling reason why certain

2

documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." 825 F.3d 299, 305-06 (6th Cir. 2016). Compelling reasons arise and the presumption of public access may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474. Thus, judicial records may be sealed where there is a "particularized need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179).

## III.   ARGUMENT

### A.   DPPs' Interests In Maintaining The Confidentiality And Privacy Of Their Competitively Sensitive Information Outweigh The Public's Interest In Its Disclosure, and References to DPPs' Competitively Sensitive Information Should be Maintained Under Seal.

This Court has recognized that competitively sensitive information should remain under seal,[2] which is in line with the Supreme Court's longstanding recognition that courts may "refuse" to permit their files to serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Similarly, in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, the Federal Circuit concluded that detailed product-specific financial information, including such things as costs, sales, profits, and profit margins, is appropriately sealable under

---

[2] *See* Order Granting SEI's Motion to Seal Exhibit 30 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment at 1 (2:12-cv-00101, Doc. No. 367) (Dec. 28, 2016) (competitively sensitive information); Order Granting the Furukawa Defendants' [Unopposed] Motion to Maintain Information Under Seal (2:12-cv-00101, Doc. No. 376) (Jan. 4, 2017) (same); Order Granting Mitsubishi Electric's Motion to Seal Exhibit 31 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment (12-cv-00101, Doc. No. 369) (Dec. 28, 2016) (same); Order Granting Non-Party Toyota's Motion to Maintain Under Seal Certain Portions of the Defendants' Summary Judgment Materials Pursuant to L.R. 5.3(b) at 1 (2:12-cv-00101, Doc. No. 368) (Dec. 28, 2016) (same).

the "compelling reasons" standard where that information can be used to the company's competitive disadvantage.  727 F.3d 1214, 1223-25 (Fed. Cir. 2013).  Applying this reasoning, courts routinely allow documents containing cost, pricing, and sales terms to be filed under seal. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015) (granting motion to seal filings containing sales figures, profit margins, and royalty rates); *see also Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. CIVA 3-6025FLW, 2007 WL 2085350, at *6 (D. N.J. July 18, 2007) ("Commercially sensitive information, such as information from which profit margins can be deduced, and from which a litigant's market competitiveness may be harmed is often sealed from public access.").

Courts also regularly allow documents containing information relating to contract terms and negotiation strategies to be filed under seal on the ground that they are confidential commercial information and trade secrets. *See, e.g.*, *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *2-10 (N.D. Ill. Apr. 5, 2012) (concluding that documents containing contract negotiations and strategies qualified as trade secrets and granting motions to seal); *Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2015 WL 632311, at *5 (D. Idaho Feb. 13, 2015) ("Each of these exhibits contains some mixture of negotiating strategy, prices, rates, projections, and other financial information . . . . If revealed to competitors, they would obtain a competitive advantage . . . . As such, each contains trade secrets. The Court therefore finds compelling reasons to seal these five exhibits.") (internal citation omitted).  In *Shane*, the Sixth Circuit recognized that "legitimate trade secrets [are] a recognized exception to the right of public access to judicial records."[3]  825 F.3d at 308.

---

[3] Unlike the parties in *Shane*, DPPs offer more than "only platitudes" to support their request to keep their competitively sensitive information under seal. 825 F.3d at 308. Indeed, DPPs

DPPs have identified the following section of the Reply as containing DPPs' competitively sensitive information:

- Reply at 6, paragraph 1, sentence 2: This sentence discusses the types of contracts under which DPPs purchased bearings from Defendants.

The information contained in the Reply discloses DPPs' negotiations and contract terms with Defendants. Disclosure of this information could give DPPs' suppliers insight into DPPs' acquisition strategies and internal business operations, which could put them at a competitive disadvantage when negotiating pricing. This is precisely the type of information routinely found to be competitively sensitive. Accordingly, DPPs request that the Court conclude that the section of the Reply identified above constitutes competitively sensitive information, that DPPs' interests in maintaining the confidentiality of that section outweighs the public's right to access it, and order that it be sealed.

### B.      Means Other Than Sealing Are Unavailable.

There are no other satisfactory means available to preserve DPPs' interests in maintaining the privacy of their competitively sensitive information. Rather than ask the Court to seal the Reply and the exhibits in their entirety, however, DPPs have narrowly tailored their requests to include only the section of the Reply that contains competitively sensitive information.

### IV.    CONCLUSION

For the foregoing reasons, this Court should conclude that the section of the Reply identified by DPPs as containing competitively sensitive information is protected from disclosure. Accordingly, DPPs respectfully request the Court order that the section be sealed. If the Court were to grant such an order, DPPs will publicly file a redacted version of the same document.

---

have described in detail the contract information they seek to seal and demonstrated how that information is competitively sensitive.

Dated: January 15, 2018                    Respectfully submitted,

  /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

Steven A. Kanner                           Joseph C. Kohn
William H. London                          William E. Hoese
Michael E. Moskovitz                       Douglas A. Abrahams
FREED KANNER LONDON                        KOHN, SWIFT & GRAF, P.C.
  & MILLEN LLC                    One South Broad Street, Suite 2100
2201 Waukegan Road, Suite 130              Philadelphia, PA  19107
Bannockburn, IL  60015                     Telephone: (215) 238-1700
Telephone: (224) 632-4500

Gregory P. Hansel                          Eugene A. Spector
Randall B. Weill                           William G. Caldes
Michael S. Smith                           Jonathan M. Jagher
PRETI, FLAHERTY, BELIVEAU                   Jeffrey L. Spector
  & PACHIOS LLP                  SPECTOR ROSEMAN & KODROFF, P.C.
One City Center, P.O. Box 9546             1818 Market Street, Suite 2500
Portland, ME  04112-9546                   Philadelphia, PA  19103
Telephone: (207) 791-3000                  Telephone: (215) 496-0300

*Interim Co-Lead Class Counsel*

M. John Dominguez                          Solomon B. Cera
COHEN MILSTEIN SELLERS                      Thomas C. Bright
  & TOLL PLLC                    CERA LLP
2925 PGA Boulevard, Suite 200              595 Market Street, Suite 2300
Palm Beach Gardens, FL 33410               San Francisco, CA 94105-2835
Telephone: (561) 833-6575                  Telephone: (415) 777-2230

*Additional Counsel*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to all counsel of record registered for electronic filing.

/s/ Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
