UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: BEARINGS CASES | |
| THIS DOCUMENT RELATES TO:<br>DIRECT PURCHASER ACTIONS | 12-cv-00501-MOB-MKM |

**DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL**

Direct Purchaser Plaintiffs ("DPPs") respectfully request that the Court order that certain sections of Exhibit A to the Memorandum in Support of Non-Party the Timken Company's Motion to Maintain under Seal Certain Information in Direct Purchaser Plaintiffs' January 8, 2018 Filings ("Exhibit A") (Doc. No. 328) be maintained under seal in the Court's files.

The factual and legal support for this Motion is set forth in DPPs' previously filed Motion to Maintain Seal (Doc. No. 329, filed Feb. 7, 2018), and in the accompanying Brief in Support.

Pursuant to E. D. Mich. L.R. 7.1(a), via electronic mail, counsel for DPPs explained the nature of the Motion to counsel for Defendants and counsel for Timken. Defendants take no position on the Motion. Timken does not oppose the Motion.

1

Dated: March 9, 2018                                  Respectfully submitted,

                                                           /s/David H. Fink
                                                           David H. Fink (P28235)
                                                           Darryl Bressack (P67820)
                                                           Nathan J. Fink (P75185)
                                                           FINK + ASSOCIATES LAW
                                                           38500 Woodward Ave, Suite 350
                                                           Bloomfield Hills, MI 48304
                                                           Telephone: (248) 971-2500

                                                           *Interim Liaison Counsel*

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone: (215) 238-1700 |
| Telephone: (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
|   & PACHIOS LLP | SPECTOR ROSEMAN & KODROFF, P.C. |
| One City Center, P.O. Box 9546 | 1818 Market Street, Suite 2500 |
| Portland, ME  04112-9546 | Philadelphia, PA  19103 |
| Telephone: (207) 791-3000 | Telephone: (215) 496-0300 |

                                                       *Interim Co-Lead Class Counsel*

| | |
|---|---|
| M. John Dominguez | Solomon B. Cera |
| COHEN MILSTEIN SELLERS | Thomas C. Bright |
|   & TOLL PLLC | Pamela A. Markert |
| 2925 PGA Boulevard, Suite 200 | CERA LLP |
| Palm Beach Gardens, FL 33410 | 595 Market Street, Suite 2300 |
| Telephone: (561) 833-6575 | San Francisco, CA 94105-2835 |
| | Telephone: (415) 777-2230 |

                                                               *Additional Counsel*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| **In Re: BEARINGS CASES** | |
| **THIS DOCUMENT RELATES TO:**<br>**DIRECT PURCHASER ACTIONS** | 12-cv-00501-MOB-MKM |

## BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO MAINTAIN SEAL

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUE PRESENTED ................................................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................... iv

      I.      INTRODUCTION ................................................................................................. 1

      II.     LEGAL STANDARD AND AUTHORITY FOR SEALING ............................... 1

      III.    ARGUMENT ......................................................................................................... 3

            A.      DPPs' Interests In Maintaining The Confidentiality And Privacy Of Their Information Outweigh The Public's Interest In Its Disclosure, and References to DPPs' Competitively Sensitive Information and Work Product Should Be Maintained Under Seal. .......... 3

            B.      Means Other Than Sealing Are Unavailable. ............................................. 5

      IV.    CONCLUSION ...................................................................................................... 5

## STATEMENT OF THE ISSUE PRESENTED

Whether the Court should permit competitively sensitive expert work product filed under seal in connection with Exhibit A to the Memorandum in Support of Non-Party the Timken Company's Motion to Maintain under Seal Certain Information in Direct Purchaser Plaintiffs' January 8, 2018 Filings (Doc. No. 328) to be maintained under seal in the Court's files.

**Direct Purchaser Plaintiffs' Answer:** Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

E.D. Mich. L.R. 5.3(b)(2)

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

I.  INTRODUCTION

On February 7, 2018, non-party Timken Company filed under seal "Exhibit A" to its Memorandum in Support of Non-Party the Timken Company's Motion to Maintain under Seal Certain Information in Direct Purchaser Plaintiffs' January 8, 2018 Filings ("Exhibit A") (Doc. No. 328).  Exhibit A is compilation of previously filed documents, including certain sections of the Surrebuttal Declaration of Dr. James T. McClave (Doc. No. 310-2) (the "McClave Surrebuttal Decl.").  Exhibit A contains Direct Purchaser Plaintiffs' ("DPPs") competitively sensitive information, including DPPs' expert work product, which DPPs have a privacy interest in protecting from public disclosure. Because DPPs' interests in maintaining the confidentiality and privacy of their competitively sensitive information outweigh the public's limited interest in its disclosure, DPPs respectfully request that the Court order that the section of Exhibit A containing DPPs' competitively sensitive expert work product be sealed.  DPPs have carefully examined Exhibit A and narrowly tailored their request to seal only the portion of Exhibit A that contains such information.  If the Court grants this motion, DPPs will publicly file a redacted version of the same document.

II.  LEGAL STANDARD AND AUTHORITY FOR SEALING

The Eastern District of Michigan Local Rules provide that a party seeking to file an item under seal must serve a motion that includes the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason for which sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a supporting brief.  E.D. Mich. L.R. 5.3(b)(2).  "[T]his Court, as every other court, 'has supervisory

power over its own records and files.'" *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). Consistent with that authority, this Court has the power to seal records under appropriate circumstances. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). That power, however, is limited by the public's presumptive right to inspect and copy judicial documents and files. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Accordingly, in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit recognized that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."[1] 825 F.3d 299, 305-06 (6th Cir. 2016). Compelling reasons arise and the presumption of public access may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474. Thus, judicial records may be sealed where there is a "particularized need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated." *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179).

---

[1] Unlike the parties in *Shane*, DPPs offer more than "only platitudes" to support their request to keep the competitively sensitive amount by which they were overcharged under seal. *See id.* at 308. Indeed, DPPs have described in detail the overcharge they seek to seal and demonstrated how the information is competitively sensitive.

2

### III.  ARGUMENT

### A. DPPs' Interests In Maintaining The Confidentiality And Privacy Of Their Information Outweigh The Public's Interest In Its Disclosure, and References to DPPs' Competitively Sensitive Information and Work Product Should Be Maintained Under Seal.

This Court has recognized that competitively sensitive information should remain under seal,[2] which is in line with the Supreme Court's longstanding recognition that courts may "refuse" to permit their files to serve "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Similarly, in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, the Federal Circuit concluded that detailed product-specific financial information, including such things as costs, sales, profits, and profit margins, is appropriately sealable under the "compelling reasons" standard where that information can be used to the company's competitive disadvantage. 727 F.3d 1214, 1223-25 (Fed. Cir. 2013). Applying this reasoning, courts routinely allow documents containing cost, pricing, and sales terms to be filed under seal. *See, e.g.*, *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 4448022, at *3-4 (N.D. Cal. July 19, 2015) (granting motion to seal documents containing product-specific profit margins, average sales prices, number of units sold, and confidential product pricing information); *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015) (granting motion to seal filings containing sales figures, profit margins, and royalty rates); *see also Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. CIVA 3-6025FLW, 2007

---

[2] *See* Order Granting SEI's Motion to Seal Exhibit 30 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment at 1 (2:12-cv-00101, Doc. No. 367) (Dec. 28, 2016) (competitively sensitive information); Order Granting the Furukawa Defendants' [Unopposed] Motion to Maintain Information Under Seal (2:12-cv-00101, Doc. No. 376) (Jan. 4, 2017) (same); Order Granting Mitsubishi Electric's Motion to Seal Exhibit 31 to the Statement of Undisputed Facts in Support of Denso's Motion for Summary Judgment (12-cv-00101, Doc. No. 369) (Dec. 28, 2016) (same); Order Granting Non-Party Toyota's Motion to Maintain Under Seal Certain Portions of the Defendants' Summary Judgment Materials Pursuant to L.R. 5.3(b) at 1 (2:12-cv-00101, Doc. No. 368) (Dec. 28, 2016) (same).

WL 2085350, at *6 (D. N.J. July 18, 2007) ("Commercially sensitive information, such as information from which profit margins can be deduced, and from which a litigant's market competitiveness may be harmed is often sealed from public access.").

In *Shane*, the Sixth Circuit recognized that "legitimate trade secrets [are] a recognized exception to the right of public access to judicial records." 825 F.3d at 308. Courts have also permitted documents containing expert work product to be filed under seal. *Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930, at *6 (D. Nev. May 28, 2010) (concluding that defendant had shown good cause to maintain expert report under seal where the report contained defendant's "proprietary information, attorney-client communication, and work product"); *see also Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 346417, at *9 (N.D. Cal. Feb. 7, 2008) ("[T]his Court will not grant Objectors discovery of workforce data, or order disclosure of the privileged work product in Mr. Klein's declaration filed under seal, so that Objectors can provide an alternative valuation of damages.").

DPPs have identified the following section of Exhibit A as containing DPPs' competitively sensitive expert work product:

- Exhibit A, page 13[3], paragraph 1, sentences 4-5: These sentences discuss DPPs' expert work product in the form of DPPs' expert calculated overcharge percentage.

The overcharge percentage disclosed in Exhibit A was calculated by DPPs' experts and was derived from highly confidential and sensitive pricing data produced by the parties during the discovery phase in the litigation and constitutes DPPs' expert work product. Accordingly, DPPs

---

[3] The page number cited herein corresponds to the page number in the PDF file attached to Timken's filing (Doc. No. 328, filed Feb. 7, 2018), which is not numbered sequentially with the page numbers in Exhibit A itself. This identified section of Exhibit A is a copy of the McClave Surrebuttal Decl. (Doc. No. 310-2), page 9, paragraph 1, sentences 4-5, for which DPPs have asked the Court to maintain under seal in their previously filed Motion to Maintain Seal (Doc. No. 329, filed Feb. 7, 2018).

request that this Court conclude that the section of Exhibit A identified above constitutes competitively sensitive expert work product, that DPPs' interests in maintaining the confidentiality of these sections outweigh the public's right to access them, and order that they be maintained under seal.

### B. Means Other Than Sealing Are Unavailable.

There are no other satisfactory means available to preserve DPPs' interests in maintaining the privacy of their competitively sensitive expert work product. Rather than ask the Court to seal Exhibit A in its entirety, however, DPPs have narrowly tailored their requests to include only the section of Exhibit A that contains competitively sensitive expert work product.

### IV. CONCLUSION

For the foregoing reasons, the section of Exhibit A identified by DPPs as containing competitively sensitive expert work product is protected from disclosure. Accordingly, DPPs request the Court order that this section be sealed. If the Court grants this motion, DPPs will publicly file a redacted version of the same document.

Dated: March 9, 2018  Respectfully submitted,

/s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel*

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone: (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone: (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone: (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN & KODROFF, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone: (215) 496-0300 |

*Interim Co-Lead Class Counsel*

| | |
|---|---|
| M. John Dominguez<br>COHEN MILSTEIN SELLERS<br>  & TOLL PLLC<br>2925 PGA Boulevard, Suite 200<br>Palm Beach Gardens, FL 33410<br>Telephone: (561) 833-6575 | Solomon B. Cera<br>Thomas C. Bright<br>Pamela A. Markert<br>CERA LLP<br>595 Market Street, Suite 2300<br>San Francisco, CA 94105-2835<br>Telephone: (415) 777-2230 |

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, I electronically filed the foregoing paper with the Clerk of the court using the ECF system, which will send notification of such filing to all counsel of record registered for electronic filing.

/s/ Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500