# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 HON. SEAN F. COX |
| In Re: BEARINGS CASES | 2:12-cv-00501-SFC-RSW 2:15-cv-12068-SFC-RSW 2:15-cv-13932-SFC-RSW 2:15-cv-13945-SFC-RSW |
| THIS RELATES TO: ALL DIRECT PURCHASER ACTIONS | |

## SETTLEMENT AGREEMENT

This Agreement is made and entered into this _23_ th day of _November_, 2020 ("Execution Date") by and between the Settling Defendants and Direct Purchaser Plaintiffs, both individually and on behalf of a class of direct purchasers of Bearings.

WHEREAS, Direct Purchaser Plaintiffs are prosecuting the Bearings Actions on their own behalf and on behalf of the Settlement Class;

WHEREAS, Direct Purchaser Plaintiffs allege that they were injured as a result of an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and/or allocate markets and customers for Bearings in violation of Section 1 of the Sherman Act, as set forth in the operative complaints in the Bearings Actions;

WHEREAS, the Settling Defendants deny Direct Purchaser Plaintiffs' allegations and have asserted defenses to Direct Purchaser Plaintiffs' claims in the Bearings Actions;

WHEREAS, arm's-length settlement negotiations over a long period of time have taken place between Settlement Class Counsel and counsel for the Settling Defendants, with the assistance of experienced mediators, and this Agreement has been reached as a result of those negotiations;

WHEREAS, Direct Purchaser Plaintiffs, through their counsel, have conducted an investigation into the facts and the law regarding the Bearings Actions and have concluded that resolving the claims against the Settling Defendants according to the terms set forth below is in the best interest of Direct Purchaser Plaintiffs and the Settlement Class because of the payment of the Settlement Amount that the Settling Defendants have agreed to provide pursuant to this Agreement;

WHEREAS, this Agreement, if it receives final Court approval, will resolve the Bearings Actions;

WHEREAS, the Settling Defendants, despite their belief that they are not liable for the claims asserted and their belief that they have good defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against the Settling Defendants with respect to Bearings based on the allegations in the Bearings Actions:

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and between the Settling Defendants and Direct Purchaser Plaintiffs, both individually and on behalf of the Settlement Class, that the Bearings Actions be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and, except as hereinafter provided, without costs as to Direct Purchaser Plaintiffs, the Settlement Class, or the Settling Defendants, subject to the approval of the Court, on the following terms and conditions:

A. <u>Definitions.</u>

The definitions in this section apply throughout the Agreement, including in the pre-amble.

1.      "Agreement" means this settlement agreement.

2.      "Bearings" has the same definition as set forth in the Second Consolidated

Amended Class Action Complaint filed in *In re Bearings Cases*, 2:12-cv-00501-SFC-RSW (ECF

No. 136).

3.      "Bearings Actions" means the cases captioned *In re Bearings Cases*, No. 2:12-cv-

00501 (E.D. Mich.), *DALC Gear & Bearing Supply Corp., et al. v. Koyo France SA, et al.*, No.

2:15-cv-12068 (E.D. Mich.), *DALC Gear & Bearing Supply Corp., et al. v. NSK Corp.*, No.

2:15-cv-13932 (E.D. Mich.), and *Bearing Service, Inc. v. NSK Ltd. et al.*, No. 2:15-cv-13945

(E.D. Mich.).

4.      "Defendant in the Bearings Actions" means, for purposes of this Agreement only,

any of the Settling Defendants or any of the following: Schaeffler Group USA Inc., Schaeffler

Technologies AG & Co. KG (formerly Schaeffler Technologies GmbH & Co. KG), and FAG

Kugelfischer GmbH.[1]

5.      "Direct Purchaser Plaintiffs" means Plaintiff DALC Gear & Bearing Supply

Corp., Plaintiff McGuire Bearing Company, Plaintiff Sherman Bearings, Inc., and Plaintiff

Bearing Service, Inc.

6.       "Releasees" shall refer jointly and severally, individually and collectively, to the

Settling Defendants, their respective past and present, direct and indirect, parents, subsidiaries,

---

[1] Direct Purchaser Plaintiffs entered into a settlement agreement with these Schaeffler entities on March 21, 2017, *see* ECF No. 238, and the Court entered an Order and Final Judgment as to the Schaeffler entities on November 15, 2017.  *See* ECF No. 279.

affiliates, divisions, predecessors, successors, and insurers, and their respective past and present

officers, directors and employees.

       7.      "Releasors" shall refer to Direct Purchaser Plaintiffs and the Settlement Class

Members, as well as each of their respective past and present parents, subsidiaries, affiliates,

divisions, predecessors, successors, and their respective past and present officers, directors, and

employees.

       8.      For purposes of this Agreement, the "Settlement Class" is defined as:

> All distributors that purchased bearings in the United States
> directly from one or more Defendant in the Bearings
> Actions (or their subsidiaries or affiliates) from and
> including January 1, 2000 through December 31, 2014 (the
> "Settlement Class Period").  Excluded from the class are
> the Defendants in the Bearings Actions and their present
> and former parents, subsidiaries, affiliates, and joint
> ventures.

       9.      "Settlement Class Counsel" means the following law firms: Cera LLP, 595

Market Street, Suite 1350, San Francisco, CA 94105; Cohen Milstein Sellers & Toll, PLLC,

2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410; Freed Kanner London &

Millen LLC, 2201 Waukegan Road, Suite 130, Bannockburn, IL 60015; Kohn, Swift & Graf,

P.C., 1600 Market Street, Suite 2500, Philadelphia, PA 19103; Preti, Flaherty, Beliveau &

Pachios, LLP, One City Center, Portland, ME 04112; and Spector Roseman & Kodroff, P.C.,

2001 Market Street, Suite 3420, Philadelphia, PA 19103.

      10.     "Settlement Class Member" means each member of the Settlement Class who has

not timely and validly elected to be excluded from the Settlement Class.

      11.     "Settlement Amount" means U.S. $37,500,000.

      12.     "Settlement Fund" means the Settlement Amount plus accrued interest as set forth

in Paragraph 24.

13.     "Settling Defendants" means all of the following: JTEKT Corporation, JTEKT North America Corporation (formerly Koyo Corporation of U.S.A.), Koyo France SA, Koyo Deutschland GmbH, Nachi-Fujikoshi Corp., Nachi America Inc., Nachi Technology, Inc., Nachi Europe GmbH, NSK Ltd., NSK Americas, Inc., NSK Europe Ltd., NSK Corporation, AB SKF, SKF GmbH, SKF USA Inc., NTN Corporation, NTN USA Corporation, NTN Wälzlager GmbH, and NTN-SNR Roulements SA.

B.    Approval of this Agreement and Dismissal of Claims Against the Settling Defendants.

14.     On the Execution Date, Direct Purchaser Plaintiffs and the Settling Defendants shall be bound by this Agreement, and this Agreement shall not be rescinded except in accordance with Paragraph 38 of this Agreement.

15.     Direct Purchaser Plaintiffs and the Settling Defendants shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Bearings Actions.

16.     Direct Purchaser Plaintiffs shall submit to the Court, on the docket in each of the Bearings Actions, a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion").  The Preliminary Approval Motion shall include the proposed form of an order preliminarily approving this Agreement and consolidating the Bearings Actions for settlement purposes into *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) and, in light of the consolidation, directing the Clerk of the Court to close the dockets in the Bearings Actions other than *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.).  No less than ten (10) business days before filing, Direct Purchaser Plaintiffs shall submit a draft of the Preliminary Approval

Motion to the Settling Defendants for approval, which approval shall not be unreasonably withheld.

17.     Direct Purchaser Plaintiffs, at a time to be decided in their sole discretion, shall submit to the Court, on the *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) docket, a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to the Settlement Class (the "Notice Motion").  The Notice Motion shall include a proposed form of, method for, and proposed dates of dissemination of notice.  Before submission, the Settling Defendants shall have a reasonable opportunity to review and comment on the Notice Motion, and Direct Purchaser Plaintiffs shall reasonably consider the Settling Defendants' comments.

18.     Within ten (10) days of receiving any request for exclusion from the Settlement Class, Settlement Class Counsel will cause copies of requests for exclusion from the Settlement Class to be provided to counsel for the Settling Defendants.  With respect to any potential Settlement Class Member who requests exclusion from the Settlement Class, the Settling Defendants reserve all of their legal rights and defenses.

19.     Direct Purchaser Plaintiffs shall seek, and the Settling Defendants will not object unreasonably to, the entry of a final judgment order in *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) (as consolidated), the text of which Direct Purchaser Plaintiffs and the Settling Defendants shall agree on, and such agreement will not be unreasonably withheld.  The terms of that proposed final judgment order will include, at a minimum, the substance of the following provisions:

(a)     certifying the Settlement Class described in Paragraph 8 pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement, as a settlement class;

(b)     finding, solely for the purposes of this settlement, that Direct Purchaser Plaintiffs are adequate class representatives under Rule 23;

(c)     approving finally this settlement and its terms as being fair, reasonable and adequate as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to the terms of the Agreement;

(d)     finding that notice provided to the Settlement Class satisfied the requirements of Rule 23 and the due process clause;

(e)     as to the Settling Defendants, directing that *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) (as consolidated) be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(f)     reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, and consummation of the settlement, to the United States District Court for the Eastern District of Michigan;

(g)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Settling Defendants shall be final;

(h)     providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including the Settling Defendants, to contest certification of any other class proposed in *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) (the "MDL Litigation"); (ii) the Court's findings in the final judgment order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or

binding authority with respect to any motion to certify any such class or any Defendant's motion; and

(i)     precluding all Settlement Class Members from asserting or prosecuting any claim or action against any Releasee released by this Agreement.

20.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Class and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment order has been entered dismissing *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) (as consolidated) with prejudice as to the Settling Defendants and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to the Settling Defendants described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to the Settling Defendants have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.

21.     Neither this Agreement (whether or not it becomes final), the final judgment, nor any negotiations, documents and discussions associated with them shall be deemed or construed to be an admission by the Settling Defendants, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by the Settling Defendants, or used against the Settling Defendants as evidence of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL Litigation or other proceeding, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, arbitration,

or other proceeding, against the Settling Defendants.  Neither this Agreement, any of its terms

and provisions, any of the negotiations or proceedings connected with it, nor any other action

taken to carry out this Agreement by the Settling Defendants, shall be discoverable if not public,

referred to, offered as evidence, or received in evidence in any pending or future civil, criminal,

or administrative action, arbitration, or proceedings, except in a proceeding to enforce this

Agreement, or to defend against the assertion of Released Claims, or as otherwise required by

law.

     C.  <u>Release, Discharge, and Covenant Not to Sue.</u>

     22.    In addition to the effect of any final judgment order entered in accordance with

this Agreement, upon this Agreement becoming final, as set out in Paragraph 20, and in

consideration of payment of the Settlement Amount, as specified in Paragraph 24, and for other

valuable consideration, the Releasees shall be completely released, acquitted, and forever

discharged from any and all claims, demands, actions, suits, causes of action, whether class,

individual, or otherwise in nature (whether or not any Settlement Class Member has objected to

the settlement or makes a claim upon or participates in distribution of the Settlement Fund,

whether directly, representatively, derivatively or in any other capacity) under any federal, state

or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had,

now have, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on

account of, or in any way arising out of, any and all known and unknown, foreseen and

unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims,

injuries, damages, and the consequences thereof in any way arising out of or relating in any way

to any conduct prior to the Execution Date alleged in the complaints filed in the Bearings

Actions or any act or omission of the Releasees (or any of them) alleged in the complaints filed

in the Bearings Actions concerning price fixing, cost shifting, bid rigging, or market or customer allocation of Bearings including, but not limited to, any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaints filed in the Bearings Actions (the "Released Claims").  Notwithstanding the foregoing, however, nothing herein shall release: (1) any claims based on indirect purchases of Bearings; (2) claims based on negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, breach of product warranty, securities, or similar claim relating to Bearings; (3) claims brought under laws other than those of the United States relating to purchases of Bearings outside the United States; or (4) claims concerning any product other than Bearings.  After the Execution Date, Releasors shall not seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless the Agreement, for any reason, does not become final, or is rescinded or otherwise fails to become effective.

23.     In addition to the provisions of Paragraph 22 of this Agreement, Releasors hereby expressly waive and release, solely with respect to the Released Claims, upon this Agreement becoming final, any and all provisions, rights, and benefits, as to their claims concerning Bearings, conferred by § 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to §1542 of the California Civil Code.  Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are released pursuant to the provisions of Paragraph 22

of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Direct Purchaser Plaintiffs have agreed to release pursuant to Paragraph 22, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.  Settlement Amount.

24.      Subject to the provisions hereof, and in full, complete and final settlement of the Bearings Actions as provided herein, the Settling Defendants shall collectively pay the Settlement Amount.  The Settlement Amount shall be paid by wire transfer into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraphs 25-30 (the "Escrow Account") within forty-five (45) calendar days of the later of (a) the date the Court grants Preliminary Approval or (b) the date that the Settling Defendants are provided with the account number, account name, and wiring information for the Escrow Account(s).  Regardless of any agreement between or among the Settling Defendants relating to allocation among them of the Settlement Amount payment, the Settling Defendants shall timely pay the full Settlement Amount without consideration of any such agreement or the breach thereof.  Under no circumstances shall the Settling Defendants be required to pay more than the Settlement Amount.

E.  Escrow Account and Settlement Fund.

25.      An Escrow Account shall be maintained at The Huntington National Bank to hold the Settlement Fund.  Such escrow shall be administered under the Court's continuing supervision and control.

26.      All payments into the Escrow Account, including any income earned thereon,

shall, at the direction of Settlement Class Counsel, be invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, U.S. Treasury Money Market Funds or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit.  Any interest earned on any of the foregoing shall become part of the Settlement Fund.  The Settling Defendants shall have no responsibility for, or liability in connection with, the Settlement Fund or the Escrow Account, including, without limitation, the investment, administration, maintenance, or distribution thereof.

27.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be distributed pursuant to this Agreement and/or order(s) of the Court.

28.     Subject to the provisions of Paragraph 34, reasonable disbursements for expenses associated with providing notice of the settlement to the Settlement Class, expenses for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters may be paid without approval from the Court and shall not be refundable to the Settling Defendants in the event the Agreement is disapproved, rescinded, or otherwise fails to become effective, to the extent such expenses have actually been expended or incurred.  Any refund that becomes owed to the Settling Defendants pursuant to Paragraph 38 may be paid out of the Escrow Account without approval of the Court.  No other disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.

29.     The Escrow Account is intended by the parties hereto to be treated as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end the parties hereto

shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of the Settling Defendants, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end. At the direction of Settlement Class Counsel, taxes or estimated taxes shall be paid on any income earned on the funds in the Escrow Account, whether or not final approval has occurred, as provided in Paragraph 20, above. In the event federal or state income tax liability is finally assessed against and paid by the Settling Defendants as a result of any income earned on the funds in the Escrow Account, the Settling Defendants shall be entitled to reimbursement of such payment from the funds in the Escrow Account after approval of the Court and whether or not final approval has occurred. The Settling Defendants will use reasonable efforts to resist any such assessment or payment. Except as set forth in this Paragraph, the Settling Defendants and any Releasee, and their respective counsel, shall have no responsibility to make any tax filings related to the Settlement Fund or to pay any taxes or tax expenses with respect thereto, and neither the Settling Defendants nor any Releasee nor their respective counsel shall have any liability or responsibility for the taxes or expenses incurred in connection with taxation matters.

30.    If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 8, or if *In re Bearings Cases*, No. 2:12-cv-00501 (E.D. Mich.) (as consolidated) is not certified as a class action for settlement purposes, then all amounts paid by the Settling Defendants into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 28 and 34), shall be returned to the Settling Defendants from the Escrow Account along with any interest accrued thereon within thirty (30) calendar

days of the Court's denial of final approval of the Agreement and/or Settlement Class.

31.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims against the Releasees, and shall have no other recovery against the Settling Defendants or any other Releasee.

32.     After this Agreement becomes final within the meaning of Paragraph 20, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court. No Releasee shall have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution or administration except as expressly otherwise provided in Paragraphs 28 and 34.

F.  <u>Expenses, Settlement Class Counsel's Attorneys' Fees, and Incentive Awards for Class Representatives.</u>

33.     Direct Purchaser Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all past, current, or future expenses and costs and any award of attorneys' fees, as provided by Court Order and the provisions of Paragraphs 28 and 34. The Settling Defendants and the other Releasees shall not be liable for any costs, fees, or expenses of any of Direct Purchaser Plaintiffs' or the Settlement Class's respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court, or authorized by Paragraphs 28 and 34, shall be paid out of the Settlement Fund.

34.     The Settling Defendants agree to permit use of a maximum of U.S. $150,000 (which limitation is effective up until the date of Final Approval of this Settlement) of the Settlement Fund towards the costs of notice to the Settlement Class and the costs of

administration of the Settlement Fund.  The notice and administration expenses are not recoverable by the Settling Defendants if this settlement does not become final or is rescinded or otherwise fails to become effective to the extent such funds have been actually expended or the expenses were incurred for notice and administration costs.  Other than as set forth in this Paragraph 34, and in Paragraphs 25-30, the Settling Defendants shall not be liable for any of the costs or expenses of the litigation of the Bearings Actions.

35.     Subject to Court approval, Direct Purchaser Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all past, current, or future litigation costs and expenses and any award of attorneys' fees.  Incentive awards to the Direct Purchaser Plaintiffs, if approved by the Court, will also be paid solely out of the Settlement Fund.

36.     Attorneys' fees and costs and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely-filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, if and when, as a result of any appeal or further proceedings on remand, or successful collateral attack, the fee or award of costs and expenses is reduced or reversed, or in the event the Settlement does not become final or is rescinded or otherwise fails to become effective.

37.     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of

the fairness, reasonableness and adequacy of the settlement, and any order or proceeding relating to a request for attorneys' fees and reimbursement of costs and expenses, or incentive awards, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the order approving the settlement.

G. <u>Rescission.</u>

38.    If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific Settlement Class definition set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 19 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then each of the Settling Defendants and Direct Purchaser Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety within thirty (30) calendar days of the relevant court decision.  The provisions of Paragraphs 28 and 34 of this Agreement shall remain in effect in the event this Agreement is rescinded.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 48.  A modification or reversal on appeal of any amount of Settlement Class Counsel's fees or costs and expenses or incentive payments awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

39.    In the event that this Agreement does not become final as set forth in Paragraph 20, or this Agreement otherwise is terminated pursuant to Paragraph 38, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund in the Escrow Account (including interest earned thereon) shall be returned to the Settling Defendants within thirty (30)

{00214003 }    16

calendar days, less only disbursements made, or the amount of obligations incurred in accordance with Paragraphs 25-30 and 34.  The Settling Defendants and Direct Purchaser Plaintiffs expressly reserve all their respective claims, rights and defenses if this Agreement does not become final.

40.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement in exchange for the payment of the Settlement Amount by the Settling Defendants.

H.  Miscellaneous.

41.     The Settling Defendants shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

42.     This Agreement does not settle or compromise any claim by Direct Purchaser Plaintiffs or any Settlement Class Member asserted in the complaints in the Bearings Actions or, if amended, any subsequent complaints, against any defendant or alleged co-conspirator other than Releasees.  All rights against such other defendants or alleged co-conspirators are specifically reserved by Direct Purchaser Plaintiffs and the Settlement Class.  All rights of any Settlement Class Member against any and all former, current, or future defendants or co-conspirators or any other person other than Releasees for sales made by Releasees relating to alleged illegal conduct are specifically reserved by Direct Purchaser Plaintiffs and Settlement Class Members.  The Settling Defendants' and the other Releasees' sales to the Settlement Class and their alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Bearings Actions as a potential basis for damage claims and shall be part of any joint and several

liability claims against other current or future defendants in the Bearings Actions or other persons or entities other than Releasees.  Releasees shall not be responsible for any payment to Direct Purchaser Plaintiffs other than the Settlement Amount and the amounts specifically agreed to in Paragraphs 28 and 34.

43.     The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, interpretation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Direct Purchaser Plaintiffs and the Settlement Class and the Settling Defendants, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles.  The Settling Defendants will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

44.     This Agreement constitutes the entire, complete and integrated agreement among Direct Purchaser Plaintiffs and the Settlement Class and the Settling Defendants pertaining to the settlement of the Bearings Actions against the Settling Defendants, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Direct Purchaser Plaintiffs and the Settling Defendants in connection herewith.  This Agreement may not be modified or amended except in writing executed by Direct Purchaser Plaintiffs and the Settling Defendants, and approved by the Court.

45.     This Agreement shall be binding upon, and inure to the benefit of, the successors

and assigns of Direct Purchaser Plaintiffs and the Settling Defendants.  Without limiting the generality of the foregoing, upon final approval of this Agreement each and every covenant and agreement made herein by Direct Purchaser Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors.  The Releasees (other than the entities that are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

46.     This Agreement may be executed in counterparts by Direct Purchaser Plaintiffs and the Settling Defendants, and a facsimile or other electronic signature shall be deemed an original signature for purposes of executing this Agreement.

47.     Neither Direct Purchaser Plaintiffs nor the Settling Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

48.     Where this Agreement requires any party to provide notice or any other communication or document to another party, such notice shall be in writing, and such notice, communication or document shall be provided by electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this Paragraph), or letter by overnight delivery, or hand delivery to the undersigned counsel of record for the party to whom notice is being provided.

49.     Each of the undersigned attorneys represents that he or she is fully authorized to

enter in to the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated: October __5__, 2020

_____
Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500

Dated: October ___, 2020

_____
Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700

Dated: October ___, 2020

_____
Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000

49.     Each of the undersigned attorneys represents that he or she is fully authorized to enter in to the terms and conditions of, and to execute, this Agreement subject to Court approval.


Dated: October __, 2020                    _____
                                           Steven A. Kanner
                                           William H. London
                                           Michael E. Moskovitz
                                           FREED KANNER LONDON & MILLEN LLC
                                           2201 Waukegan Road, Suite 130
                                           Bannockburn, IL 60015
                                           Telephone: (224) 632-4500


Dated: October __, 2020                    _____
                                           Joseph C. Kohn
                                           William E. Hoese
                                           Douglas A. Abrahams
                                           KOHN, SWIFT & GRAF, P.C.
                                           1600 Market Street, Suite 2500
                                           Philadelphia, PA 19103
                                           Telephone: (215) 238-1700


Dated: October __, 2020                    _____
                                           Gregory P. Hansel
                                           Randall B. Weill
                                           Michael S. Smith
                                           PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP
                                           One City Center, P.O. Box 9546
                                           Portland, ME 04112-9546
                                           Telephone: (207) 791-3000

49. Each of the undersigned attorneys represents that he or she is fully authorized to enter in to the terms and conditions of, and to execute, this Agreement subject to Court approval.


Dated: October __, 2020

_____
Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500


Dated: October __, 2020

_____
Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700


Dated: October 5, 2020

_____
Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000

Dated:  October 5, 2020

Eugene A. Spector
William G. Caldes
SPECTOR ROSEMAN & KODROFF, P.C.
Two Commerce Square
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

Dated:  October ___, 2020

Solomon B. Cera
Thomas C. Bright
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230

Dated:  October 5, 2020

Manuel J. Dominguez
COHEN MILSTEIN SELLERS & TOLL, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400

*Direct Purchaser Plaintiffs' Counsel*

Dated:  November 23, 2020

Heather Lamberg
Keith R. Palfin
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (248) 282-5100
hlamberg@winston.com
kpalfin@winston.com

*Counsel for Defendants JTEKT Corporation, JTEKT North America Corporation (formerly Koyo Corporation of U.S.A), Koyo France SA, and Koyo Deutschland GmbH*

{00214003 }                                                21

Dated: October__, 2020

                            _____

Eugene A. Spector
William G. Caldes
SPECTOR ROSEMAN & KODROFF, P.C.
Two Commerce Square
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

Dated: October 6, 2020

                            _____

Solomon B. Cera
Thomas C. Bright
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230

Dated: October __, 2020

                            _____

Manuel J. Dominguez
COHEN MILSTEIN SELLERS & TOLL, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400

*Direct Purchaser Plaintiffs' Counsel*

Dated: October __, 2020

                            _____

Heather Lamberg
Keith R. Palfin
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (248) 282-5100
hlamberg@winston.com
kpalfin@winston.com

*Counsel for Defendants JTEKT Corporation, JTEKT North America Corporation (formerly Koyo Corporation of U.S.A), Koyo France SA, and Koyo Deutschland GmbH*

Dated: November 23, 2020

_____
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
Peter D. Hawkes
LANE POWELL PC MODA TOWER
601 SW Second Avenue, Suite 2100
Portland, OR 97204
Telephone: (503) 778-2100
Facsimile: (503) 778-2200
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com
hawkesp@lanepowll.com

Larry S. Gangnes
Heidi B. Bradley
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
gangnesl@lanepowell.com
bradleyh@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
KEMP KLEIN LAW FIRM
201 West Big Beaver, Suite 600
Troy, MI 48084
Telephone: (248) 528-1111
Facsimile: (248) 528-5129
richard.bisio@kkue.com
ron.nixon@kkue.com

*Counsel for Defendants Nachi-Fujikoshi Corp., Nachi America Inc., Nachi Technology, Inc., and Nachi Europe GmbH*

Dated:  November 23, 2020

_____
Jeremy Calsyn
Steven J. Kaiser
Carl Lawrence Malm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
jcalsyn@cgsh.com
skaiser@cgsh.com
lmalm@cgsh.com

David A. Ettinger (P26537)
HONIGMAN LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226
(313) 465-7368 (Phone)
(313) 465-7369 (Facsimile)
dettinger@honigman.com

*Counsel for Defendants NSK Ltd., NSK Americas, Inc.,
NSK Europe Ltd., and NSK Corporation*

Dated:  November 23, 2020

_____
Jeffrey L. Kessler
A. Paul Victor
Jeffrey J. Amato
Molly M. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
jamato@winston.com
mmdonovan@winston.com

Fred K. Herrmann (P49519)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
fherrmann@kerr-russell.com

*Counsel for Defendants NTN Corporation, NTN USA
Corporation, NTN Wälzlager GmbH, and NTN-SNR
Roulements SA*

Dated: Novemebr 23, 2020          *Michelle A. Mantine*
                                  _____
                                  Debra H. Dermody
                                  Michelle A. Mantine
                                  REED SMITH LLP
                                  225 Fifth Avenue
                                  Pittsburgh, PA 15222
                                  Telephone: (412) 288-3302/4268
                                  Facsimile: (412) 288-3063
                                  ddermody@reedsmith.com
                                  mmantine@reedsmith.com

                                  Howard B. Iwrey (P39635)
                                  Brian M. Moore (P58584)
                                  DYKEMA GOSSETT PLLC
                                  39577 Woodward Avenue
                                  Bloomfield Hills, MI 48304
                                  Telephone: (248) 203-0526
                                  Facsimile: (248) 203-0763
                                  hiwrey@dykema.com
                                  bmoore@dykema.com

                                  *Counsel for Defendants AB SKF, SKF GmbH, and SKF
                                  USA Inc.*