UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Sean F. Cox |
| IN RE: BEARINGS CASES | 2:12-cv-00501-SFC-RSW<br>2:15-cv-12068-SFC-RSW<br>2:15-cv-13932-SFC-RSW<br>2:15-cv-13945-SFC-RSW |
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER CASES | |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH JTEKT, NACHI, NSK, NTN, AND SKF DEFENDANTS, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND AUTHORIZATION TO <u>DISSEMINATE NOTICE TO THE SETTLEMENT CLASS</u>**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of Proposed Settlement with JTEKT, Nachi, NSK, NTN, and SKF Defendants, for Provisional Certification of the Settlement Class, and for Authorization to Disseminate Notice to the Settlement Class (the "Motion"), and supporting memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

1

    a. The proposed class representatives and Settlement Class Counsel have adequately represented the Settlement Class;

    b. The Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class;

    c. The relief provided for the Settlement Class is adequate; and

    d. The Settlement Agreement treats members of the Settlement Class equitably relative to each other.

<u>Class Certification</u>

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All distributors that purchased bearings in the United States directly from one or more Defendant in the Bearings Actions (or their subsidiaries or affiliates) from and including January 1, 2000 through December 31, 2014 (the "Settlement Class Period"). Excluded from the class are the Defendants in the Bearings Actions and their present and former parents, subsidiaries, affiliates, and joint ventures.

5.    For purposes of the proposed Settlement Class definition, the following entities are Defendants: JTEKT Corporation; JTEKT North America Corporation (formerly Koyo Corporation of U.S.A.); Koyo France SA; Koyo Deutschland GmbH; Nachi-Fujikoshi Corp.; Nachi America Inc.; Nachi Technology, Inc.; Nachi Europe GmbH; NSK Ltd.; NSK Americas, Inc.; NSK Europe Ltd.; NSK Corporation; NTN Corporation; NTN USA Corporation; NTN Wälzlager GmbH; NTN-SNR Roulements; Schaeffler Group USA Inc.; Schaeffler Technologies

AG & Co. KG (formerly Schaeffler Technologies GmbH & Co. KG); FAG Kugelfischer GmbH; AB SKF; SKF GmbH; and SKF USA Inc.

6. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representatives' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class Representatives and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representatives' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

<u>Appointment of Class Representatives and Settlement Class Counsel</u>

7. The Court hereby appoints DALC Gear & Bearing Supply Corp., McGuire Bearing Company, Sherman Bearings, Inc., and Bearing Service, Inc. to serve as Class Representatives for the Settlement Class.

8. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

<u>Notice to Potential Settlement Class Members</u>

9. The Settlement Class shall receive notice in accordance with the terms of this Order.

10. The Court approves the form and content of: (a) the Notice of Proposed Settlement of Direct Purchaser Class Action with the JTEKT, Nachi, NSK, NTN, and SKF Defendants and Hearing on Settlement Approval and Related Matters, and Claim Form (the "Notice"), attached as Exhibit 2 to the Notice Memorandum; (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the JTEKT, Nachi, NSK, NTN, and SKF Defendants and Hearing on Settlement Approval and Related Matters (the "Summary Notice"), attached as Exhibit 3 to the Notice Memorandum; and (c) the Informational Press Release (the "Press Release"), attached as Exhibit 4 to the Notice Memorandum.

11. The Court finds that the mailing of the Notice and publication of the Summary Notice and Press Release, in the manner set forth herein, constitutes the best notice that is practicable under the circumstances, is valid, due and sufficient notice to all persons entitled thereto, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

12. On or before March 11, 2021, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Settlement Class identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice or Press Release. In addition, a copy of the Notice shall be posted on the Internet at www.AutoPartsAntitrustLitigation.com/Bearings, the website dedicated to this litigation.

13. On or before March 22, 2021, Co-Lead Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one edition of *Automotive News*. To supplement the notice program further, the Press

Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications, and via PR Newswire's "Machinery and Equipment" microlist.

14.     On or before April 16, 2021, Co-Lead Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed Settlement; approval of a proposed plan of distribution of the Settlement Fund; and an award of attorneys' fees and expenses.

15.     All requests for exclusion from the Settlement Class must be in writing, postmarked no later than May 5, 2021, and must otherwise comply with the requirements set forth in the Notice.

16.     Any objection by any member of the Settlement Class to the proposed Settlement, or to the proposed plan of distribution, or to the request for attorneys' fees and expenses, must be in writing, must be filed with the Clerk of Court and postmarked no later than May 5, 2021, and must otherwise comply with the instructions set forth in the Notice.

17.     At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Co-Lead Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with this Notice Order.

18.     The Court will hold a Fairness Hearing on **June 10, 2021, at 10:30 a.m.,** at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, MI, 48226, Courtroom 817 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed Settlement; (2) the proposed plan of distribution of the settlement fund; and (3) Co-Lead Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. If the Court believes it is appropriate, the hearing may be

conducted remotely by telephone or other electronic means. If the Court determines to hold the hearing remotely, Co-Lead Settlement Class Counsel shall post that information on the website devoted to the direct purchaser litigation and provide any Settlement Class member that has informed the Court that it intends to participate the information required to remotely participate. The Fairness Hearing may be rescheduled, adjourned, or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Class.

19. Any Settlement Class member who wishes to participate in the distribution of the Settlement Fund must submit a Claim Form in accordance with the instructions therein, postmarked on or before June 28, 2021.

## Other Provisions

20. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiffs, the Settling Defendants, and the members of the Settlement Class.

21. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Notice Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Co-Lead Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

23. The Direct Purchaser Class litigation against the Settling Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 23, 2021	s/Sean F. Cox
	Sean F. Cox
	U. S. District Judge